STATE OF VERMONT

SUPERIOR COURT
Vermont Unit

ENVIRONMENTAL DIVISION
Docket No. 60-5-14 Vtec

WhistlePig CU Permit

DECISION ON MOTION

**Decision on Motion to Voluntarily Dismiss Appeal**

Whistle Pig, LLC ("Applicant") seeks to convert an existing dairy barn located on Quiet Valley Road in the Town of Shoreham, Vermont ("the Town") into a rye whiskey distillery and related office space ("the project"). On March 1, 2013 Applicant received a conditional use permit ("permit 13-03") from the Town of Shoreham Zoning Board of Adjustment ("ZBA"). On September 10, 2013, Applicant filed an application to amend permit 13-03 ("the amended CU permit application"). In light of a pending appeal regarding permit 13-03, this Court remanded permit 13-03 to the ZBA for a conditional use determination on the amended permit application. The ZBA conducted a hearing and issued its Findings of Fact and Notice of Decision approving the amended CU permit application on April 7, 2014 ("permit 13-49"). Solar Haven Farm LLC, George Gross, and Barbara Wilson ("Appellants") timely appealed the ZBA's decision granting permit 13-49 to this Court and filed a Statement of Questions.

Now before the Court is Appellants' December 4, 2014 motion to voluntarily dismiss their appeal of the ZBA's decision granting permit 13-49 pursuant to Rule 41(a)(1) of the Vermont Rules of Civil Procedure ("V.R.C.P."). Pursuant to V.R.C.P. 41(a)(1), "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . ." Dismissals under V.R.C.P. 41(a)(1) are without prejudice. Applicant does not object to Appellants' right to withdraw the appeal, or to the withdrawal of the appeal generally, but believes that such a withdrawal should be made pursuant to Rule 42(b)(2) of the Vermont Rules of Appellate Procedure ("V.R.A.P.") rather than V.R.C.P. 41(a)(1). Pursuant to V.R.A.P. 42(b)(2), "An appeal may be dismissed on the appellant's motion on terms agreed to

by the parties or fixed by the Court."  Applicants also argue that a withdrawal pursuant to V.R.A.P. 42(b)(2) must be with prejudice.

Rule 5(a)(2) the Vermont Rules for Environmental Court Proceedings ("V.R.E.C.P.") clarifies that both the V.R.C.P. and V.R.A.P. govern proceedings before this Court, "so far as applicable."  It is our practice to apply the civil rules to de novo appeals, which follow the procedures outlined under the V.R.C.P., and to apply the appellate rules to appeals on the record, which follow procedures outlined under the V.R.A.P.  See V.R.E.C.P. 5(g) & (h) (discussing de novo and on the record appeals).  Because the pending appeal is a de novo appeal, we conclude that V.R.C.P. 41(a)(1) applies to the pending motion.

With regards to whether Appellant's withdrawal of the appeal is with or without prejudice, V.R.C.P. 41(a)(1) stipulates that a dismissal under the rule is <u>without</u> prejudice. Applicant expresses concern that a dismissal without prejudice renders the decision below open to further appeals and therefore precludes them from moving forward with their project. We are sympathetic to this concern, and agree that there must be finality allowing the parties to move forward.  Applicant's concerns, however, are somewhat misguided, as granting Appellants' motion to withdraw the appeal does not leave Appellants with the opportunity to appeal the ZBA's decision regarding permit 13-49 at any future date.

Pursuant to V.R.E.C.P. 5(b)(1), an appeal must be filed within 30 days of the date of the decision being appealed—here, that date was May 7, 2014.  The time to appeal the ZBA's decision with regards to permit 13-49 has, therefore, long passed.  The withdrawal of Appellants' current appeal therefore renders the ZBA's decision final.  The withdrawal of this appeal does not, however, extend to appeals challenging future applications or revisions to permit 13-49, which Appellants may file regardless of these proceedings.

We therefore conclude that to the extent Appellants do not wish to foreclose the opportunity to challenge permit 13-49 we grant them 5 business days to withdraw their motion to dismiss.  Absent any such filing, we **GRANT** the motion and **DISMISS** the appeal of permit 13-49 now pending, thereby rendering as final the ZBA's April 7, 2014 decision granting permit 13-49.

Electronically signed on January 09, 2015 at Montpelier, Vermont pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division